JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Charles Craddock ("appellant"), appeals his resentence[1] after pleading guilty to two counts of rape and three counts of gross sexual imposition. At his resentencing hearing, appellant was sentenced to seven years for each rape count, to run consecutive to each other, and two years for each gross sexual imposition count, to run concurrently with each other but consecutive to the sentences for the rape counts. Appellant now appeals, citing three assignments of error as to his resentence. However, this court need not address assignments of error one and three as the analysis of appellant's second assignment of error requires that appellant's entire resentence be vacated and remanded for resentencing.
 {¶ 2} Appellant argues, in his second assignment of error, that his sentence must be vacated because the trial court failed to fully advise him of post-release control at his resentencing. In particular, appellant argues that the trial court failed to advise him that a violation of post-release control could be up to one-half of his original sentence. The state concedes this fact, but asserts in its brief that this court should simply remand for the limited purpose of advising appellant accurately of the mandatory post-release control requirements. However, on the authority of State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 27,817 N.E.2d 864, "when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Thus, appellant's sentence is vacated and remanded to the trial court for resentencing.
Judgment vacated and remanded for resentencing.
The appellant's sentence is vacated and remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., Concur.
[1] Originally, Craddock was sentenced by the trial court to ten years each on the rape counts to run concurrently with each other and sentenced to five years each on the gross sexual imposition counts to run concurrently with each other, but consecutively to the rape sentences. Although Craddock's conviction was affirmed by this court on appeal, his sentence was vacated and remanded for resentencing. State v. Craddock,
Cuyahoga App.