JOURNAL ENTRY and OPINION
{¶ 1} In these consolidated appeals, defendant-appellant Michael Jarmal Pruitt appeals from his convictions and sentences and from the common pleas court's denial of his motion to withdraw his guilty plea. In Cuyahoga App. No. 86986, he argues that the victim impact statement which the court considered in sentencing him was unreliable and violated his right of confrontation. In a supplemental pro se brief, appellant also urges that he received ineffective assistance of counsel and that the court abused its discretion by accepting his plea. In Cuyahoga App. No. 86707, appellant contends that the court abused its discretion by denying his motion to withdraw his guilty plea. We find no error in the proceedings below and affirm the court's rulings. However, we must vacate the sentence imposed for the charge of having a weapon while under disability and remand for resentencing on that offense, pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 Procedural History {¶ 2} Appellant was charged in a four-count indictment filed May 19, 2004, with attempted murder including three and five year firearms specifications and a notice of prior conviction; two counts of felonious assault with firearms specifications and a notice of prior conviction; and having a weapon while under disability. On October 13, 2004, he entered a guilty plea to attempted murder with a three year firearms specification and notice of prior conviction, and having a weapon while under disability. The court subsequently sentenced appellant to three years' imprisonment on the firearms specification, to be served prior and consecutive to a term of eight years' imprisonment on the attempted murder charge, and a concurrent sentence of five years' imprisonment on the weapons charge.
 {¶ 3} On April 13, 2005, appellant filed his motion to withdraw his guilty plea. While this motion was pending, appellant sought and obtained leave to file a delayed appeal from his conviction (App. No. 86986). The trial court denied the motion to withdraw the guilty plea, and appellant appealed from that ruling as well (App. No. 86707).
 Law and Analysis Appeal No. 86707 (Motion to Withdraw Guilty Plea)
 {¶ 4} We address Appeal No. 86707 first, because a ruling in appellant's favor in that matter will moot the issues raised in Appeal No. 86986. In Appeal No. 86707, appellant argues that the court erred by denying his motion to withdraw his guilty plea without holding an evidentiary hearing. He contends that he presented the court with evidentiary materials sufficient to demonstrate that he received ineffective assistance of counsel at the time he entered his plea, and that the court was therefore obligated to hold an evidentiary hearing on his motion.
 {¶ 5} The trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." Crim.R. 32.1. "A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court, [State v.Peterseim (1980), 68 Ohio St.2d 211,]at paragraph two of the syllabus, and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion." State v. Blatnik (1984), 17 Ohio App.3d 201, 202.
 {¶ 6} To prevail on his claim that he should have been permitted to withdraw his plea because he received ineffective assistance of counsel, appellant had to meet the test for ineffective assistance of counsel established in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See State v. Xie, 62 Ohio St.3d 521, 524. He had to show, first, that counsel's performance was deficient, and second, that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty. Id., citing Strickland andHill v. Lockhart (1985), 474 U.S. 52, 59.
 {¶ 7} In this case, appellant claims his attorney told him he would be sentenced to only three years' imprisonment. However, the transcript of the plea hearing makes clear that the court disabused appellant of any misunderstandings he may have had about the sentence he could receive before appellant entered his plea. At the plea hearing, appellant said he understood that the court "[had] to sentence [him] to the penitentiary for at least six years" on the attempted murder charge with the firearms specification, and "could sentence [him] to the penitentiary on that count for as long as thirteen years." He also stated that he understood the court could sentence him "to the penitentiary for a period of one to five years" on the charge of having a weapon while under disability. The court asked appellant if he had any questions and he said no. Appellant denied that any promises had been made to him. On this record, it is apparent that appellant pleaded guilty after having been correctly informed of the sentence he could receive. Counsel's alleged error did not affect appellant's decision.
 {¶ 8} Appellant also argues that his attorney did not discuss the facts of the case with him or the elements of the charges against him or his potential defenses. Again, however, at the plea hearing, appellant advised the court that he told his attorney everything he was aware of that was important to the case, that the attorney had done everything appellant had asked him to do, and that the attorney had done a satisfactory job. There is no evidence that, had further discussions occurred, appellant would not have entered his guilty plea.
 {¶ 9} The common pleas court did not abuse its discretion by finding that appellant failed to demonstrate that any manifest injustice would occur if he were not allowed to withdraw his guilty plea. Appellant failed to show that, but for counsel's alleged errors, he would not have entered his guilty plea. Therefore, we overrule the sole assignment of error in Appeal No. 86707.
Appeal No. 86986 (Direct Appeal)
 {¶ 10} In Appeal No. 86986, appellant also contends that he received ineffective assistance of counsel, on somewhat different grounds. Again, we must apply the Strickland and Hill test to assess this contention. Appellant argues, first, that his attorney should have objected when the court commented at sentencing that it did not believe appellant intended to kill the victim and would sentence him as if he had committed the worst form of the offense of felonious assault. It is not clear to what counsel would have objected. His client was being sentenced as if the offense were of a lesser degree than the offense to which he pleaded guilty. As a matter of sound strategy, counsel properly remained silent after this statement. Counsel's performance was not deficient in this respect.
 {¶ 11} Appellant also argues that his attorney advised him to enter a guilty plea without investigating and explaining possible defenses. These arguments concern the advice counsel gave to appellant, so they are necessarily based on evidence outside the record of appellant's plea and sentencing. In reviewing this matter on direct appeal, however, we are limited to the record before the trial court at that time. Appellant cannot demonstrate on the record that counsel provided ineffective assistance in counseling appellant to enter into the plea agreement. Therefore, we overrule appellant's first pro se assignment of error.
 {¶ 12} Appellant also argues that the court abused its discretion by accepting his guilty plea although the facts did not support the charge of attempted murder. A guilty plea is an admission of the facts set forth in the indictment; Crim.R. 11 "does not require the trial court to establish the factual basis for the offense before accepting a plea." State v. Greathouse,158 Ohio App.3d 135, 2004-Ohio-3402, ¶ 7, citing State v. Post
(1987), 32 Ohio St.3d 380, 386-87. Therefore, we overrule appellant's second pro se assignment of error.
 {¶ 13} Finally, appellant asserts that R.C. 2929.14(A) and2947.051 are unconstitutional because they require the court to consider victim impact statements in sentencing.[1] R.C.2929.14(A) provides:
 {¶ 14} "(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), (D)(5), (D)(6), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 {¶ 15} "(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 {¶ 16} "(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 {¶ 17} "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 {¶ 18} "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 {¶ 19} "(5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
 {¶ 20} This statute does not require the court to consider the victim impact statement in sentencing the offender.[2]
Therefore, we reject appellant's constitutional challenge to R.C.2929.14(A).
 {¶ 21} R.C. 2947.051(A) provides:
 {¶ 22} "(A) In all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement by the department of probation of the county in which the victim of the offense resides, by the court's own regular probation officer, or by a victim assistance program that is operated by the state, any county or municipal corporation, or any other governmental entity. The court, in accordance with sections 2929.13 and2929.19 of the Revised Code, shall consider the victim impact statement in determining the sentence to be imposed upon the offender."
 {¶ 23} Appellant urges that the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296, renders it unconstitutional for the court to consider a victim impact statement "as a means of deciding that a defendant committed `the worst form of the offense.'"[3] If not for the Ohio Supreme Court's recent pronouncements in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, this argument might have required us to negotiate the thin logical tightrope connecting R.C. 2947.051(A)'s requirement that the court consider the victim impact statement in sentencing with the statutory findings formerly required by R.C. 2929.14(C) to impose the maximum term of imprisonment on an offender. Fortunately for us, however, the Ohio Supreme Court inFoster found unconstitutional the statutes that required judicial factfinding to impose a sentence greater than the "statutory maximum" (as that term was defined in Apprendi v. NewJersey (2000), 530 U.S. 466). R.C. 2929.14(C) was among the provisions the Foster court found to be unconstitutional and severed from the remainder of the sentencing statutes. Therefore, "judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant," including the maximum term. Foster, at ¶ 99. The constitutionality of the evidence the court considered in making unconstitutional findings is irrelevant.
 {¶ 24} The eight-year sentence imposed by the court for attempted murder was not the maximum term available for that offense. However, the court did impose the longest term authorized by statute for the charge of having a weapon while under disability, five years' imprisonment. The court made the findings and stated the reasons why it did so, as was required by R.C. 2929.14(C) and R.C. 2929.19(B)(2)(c) at that time. Although the court ordered that this sentence be served concurrent to the sentence for attempted murder, and therefore it did not affect the length of the term of imprisonment appellant was actually required to serve, nonetheless, the Foster decision suggests that this sentence is void and must be vacated. Foster, at ¶ 103. Accordingly, we affirm appellant's convictions and the sentence imposed on the attempted murder charge. However, we vacate the sentence imposed on the charge of having a weapon under disability, and remand for resentencing on that charge alone. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-245.
Affirmed in part, vacated in part and remanded for resentencing consistent with this opinion.
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and Calabrese, Jr., J. Concur.
[1] Appellant filed a pro se "errata" sheet attempting to "correct" the brief filed by his counsel to indicate a challenge to the constitutionality of R.C. 2929.14(B)and (C), rather than R.C. 2929.14(A). Appellant did not obtain leave to file this amendment to his attorney's argument. Therefore, we decline to consider it.
[2] Appellant quotes a purported version of R.C. 2929.14(A) which states that, "[i]n determining whether to impose a fine for a felony and the amount and method of payment of a fine, the court shall consider * * * the victim impact statement prepared pursuant to R.C. 2947.051 * * *." We could not locate this provision in the Revised Code, but if it exists, appellant cannot have been harmed by its alleged unconstitutionality because he was not ordered to pay a fine.
[3] This is one of the two findings formerly required by R.C.2929.14(C) to impose the longest authorized prison term on an offender.