JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Craddock, appeals from the judgment of the Cuyahoga County Common Pleas Court denying his motion to withdraw his plea and sentencing him to consecutive terms of seven years on each of two rape counts, and to concurrent terms of two years each on three counts of gross sexual imposition, for a total of 14 years. We vacate Craddock's sentence and remand for resentencing.
 {¶ 2} Craddock was indicted in 1999 on four counts of rape, by use of force or threat, in violation of R.C. 2907.02, and nine counts of gross sexual imposition, in violation of R.C. 2907.05. The victims were Craddock's minor daughter and two siblings of a child that Craddock was foster parenting.
 {¶ 3} Craddock subsequently pled guilty to two counts of rape, as amended by deleting the force or threat of force specification, and three counts of gross sexual imposition. He was sentenced to a total of 15 years incarceration and determined to be a sexual predator.
 {¶ 4} Craddock then appealed the denial of his post-sentence motion to withdraw his guilty plea and the 15-year sentence. This court held that the trial court did not abuse its discretion in denying Craddock's motion. It vacated Craddock's sentence, however, in light of the trial court's failure to state its reasons and make findings supporting the maximum, consecutive sentences, as required by then prevailing law. State v.Craddock, Cuyahoga App. No. 82870, 2004-Ohio-627 (Craddock I). Specifically, this court stated, "the conviction is affirmed; the sentence is vacated and the case remanded for a new sentencing hearing."[1]
 {¶ 5} Upon remand, the trial court sentenced Craddock to seven years for each rape count, to run consecutive to each other, and two years for each gross sexual imposition count, to run concurrently with each other but consecutive to the sentences for the rape counts, for a total of 16 years. In light of the trial court's failure to advise Craddock of post-release control at his resentencing, however, this court vacated this sentence and remanded the matter to the trial court for resentencing. We stated, "the appellant's sentence is vacated and remanded for resentencing." State v. Craddock, Cuyahoga App. No. 85175,2005-Ohio-2839 (Craddock II).
 {¶ 6} Upon remand, Craddock filed another motion to withdraw his guilty plea. In his motion, Craddock argued that he should be allowed to withdraw his plea because, during the plea hearing, the trial court had advised him that he would be eligible for judicial release after three years, despite the fact that sentences for rape are mandatory in their entirety, and because the trial court had not advised him that post-release control was a mandatory component of his sentence. The trial court denied Craddock's motion to withdraw his plea without a hearing, finding that it was barred by the doctrine of res judicata. The court then sentenced Craddock to seven years each on the rape counts, to run consecutive, and two years on each of the gross sexual imposition counts, to be served concurrent with the rape counts, for a total sentence of 14 years. Craddock now appeals from this judgment.
 {¶ 7} In his first assignment of error, Craddock argues that the trial court erred in denying his motion to withdraw his plea without a hearing. We disagree.
 {¶ 8} First, we find that the trial court was without jurisdiction upon remand to consider Craddock's motion. In Stateex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, the Ohio Supreme Court specifically held that a trial court does not have jurisdiction, upon remand, to entertain a Crim.R. 32.1 motion to withdraw a plea after a judgment of conviction has been affirmed by the appellate court. The Supreme Court stated:
 {¶ 9} "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial." Id. at 97.
 {¶ 10} Here, this court, in Craddock I, specifically affirmed the trial court's finding of guilt, which was premised upon Craddock's guilty plea. Although the case was remanded to the trial court twice, each time the remand was for the limited purpose only of resentencing. This court's judgment affirming the finding of guilt is "controlling upon the lower court as to all matters within the compass of the judgment" and, therefore, the trial court had no jurisdiction to consider Craddock's motion, much less to allow him to withdraw his guilty plea and grant a new trial. State ex rel. Special Prosecutors, supra, at 97.
 {¶ 11} Moreover, even assuming the trial court had jurisdiction to consider Craddock's motion, we find that it is barred by the doctrine of res judicata. The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175. Craddock raised the issue of the trial court's denial of his motion to withdraw his guilty plea in his direct appeal (Craddock I) and, therefore, any further reconsideration of that issue is barred by res judicata.
 {¶ 12} Craddock contends, however, that when he filed his first pro se motion to withdraw his plea, the denial of which was the subject of his first appeal, he did not know that he would not be eligible for judicial release after three years. Therefore, Craddock asserts, he should be allowed to file another motion to withdraw his plea. We disagree.
 {¶ 13} The transcript of the plea hearing reflects the following colloquy between the judge and the prosecutor:
 {¶ 14} "THE COURT: On the minimum mandatory, the three years minimum means no shock judicial release?
 {¶ 15} "MR. MAHONEY: That's correct, your Honor.
 {¶ 16} "THE COURT: Anything above the three years could be subject to shock after three years; correct?
 {¶ 17} "MR. MAHONEY: That's correct * * *."
 {¶ 18} Assuming, as Craddock argues, that this colloquy was an "advisement" by the trial court that he would be eligible for judicial release after three years, it is apparent that the issue appears in the record and therefore could have been raised on direct appeal. Thus, the doctrine of res judicata precludes any further review. To the extent Craddock argues that his attorney improperly advised him that he would be eligible for judicial release after three years, such argument necessarily relies on evidence outside the record and should have been raised in a petition for postconviction relief. Accordingly, the trial court did not err in denying Craddock's motion to withdraw his guilty plea without a hearing.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} In his second assignment of error, Craddock argues that the trial court erred by imposing more than minimum and consecutive terms of imprisonment. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court declared that several provisions of S.B. 2 violated the principles announced inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and severed the offending sections, including some sections under which Craddock was sentenced. A defendant who was sentenced under the unconstitutional and now void statutory provisions, and whose case was pending on direct appeal whenFoster was decided, must be resentenced. Foster, supra, at ¶ § 103-106. Craddock filed his notice of appeal on January 5, 2006; Foster was decided on February 27, 2006; thus, Craddock's case was pending as contemplated by the Foster court.
 {¶ 21} Because the trial court relied on unconstitutional provisions when it imposed Craddock's consecutive sentences, his sentence is vacated, and the matter is remanded for resentencing in accordance with Foster.
 {¶ 22} We find Craddock's argument that Foster violates his right against ex post facto legislation to be premature. This issue is not ripe for our review because Craddock has not yet been sentenced under Foster. See State v. Ervin, Cuyahoga App. No. 87333, 2006-Ohio-4498, at ¶ 39, and cases cited therein.
 {¶ 23} Craddock's second assignment of error is sustained in part and overruled in part.
Sentence vacated; case remanded for resentencing.
It is ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Sentence vacated and case remanded for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Mary Eileen Kilbane, P.J., and Michael J. Corrigan, J., concur.
[1] Stated more accurately, this court affirmed the finding of guilt. See State v. Henderson (1979), 58 Ohio St.2d 171,177-79, and State v. Poindexter (1988), 36 Ohio St.3d 1, 5, in which the Ohio Supreme Court held that a conviction consists of both a finding of guilt and the imposition of sentence.