JOURNAL AND OPINION
{¶ 1} Appellant Arthur Velasquez appeals his sentences for receiving stolen property, possession of criminal tools, and failure to comply. After a thorough review of the arguments, and for the reasons set forth below, we affirm in part, reverse in part, and remand.
 {¶ 2} On March 4, 2004, appellant was indicted in a two-count indictment in CR-449218. Count one charged him with receiving stolen property under R.C. 2913.51, and count two charged him with possession of criminal tools under R.C. 2923.24.
 {¶ 3} On April 21, 2004, appellant was indicted on five counts in CR-451135. Count one charged failure to comply under R.C. 2921.331, a fourth degree felony because the crime he fled from was a felony; count two charged failure to comply under R.C. 2921.331, and included a clause that his actions caused or created a substantial risk of serious physical harm to persons or property, a third degree felony; count three charged him with aggravated robbery under R.C. 2911.01; count four charged felonious assault under R.C. 2903.11, with a peace officer specification; and count five charged him with receiving stolen property under R.C. 2913.51.
 {¶ 4} Prior to trial, the two cases were consolidated, and the state dismissed count five under CR-451135 because it was the same as count one under CR- *Page 3 
449218. Appellant was found guilty of counts one and two in CR-449218 and guilty of counts one and two in CR-451135.
 {¶ 5} The court then sentenced appellant. In CR-449218, he was sentenced to 18 months on count one and 11 months on count two, with the sentences to be run concurrently. In CR-451135, the judge found that, because they were allied offenses of similar import, counts one and two merged. Appellant was sentenced to four years on count two, to run consecutively with his sentence in CR-449218.
 {¶ 6} Appellant appealed to this court, which affirmed his convictions and sentence. He then appealed to the Ohio Supreme Court, which on May 30, 2006, reversed his sentences and remanded under State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 7} Resentencing occurred on August 9, 2006, at which defense counsel argued that applying Foster would violate the ex post facto and due process clauses of the U.S. Constitution. In CR-449218, appellant was sentenced to 12 months on count one and 11 months on count two. These sentences were to run concurrently to each other and consecutively to the sentences imposed in CR-451135, in which the court sentenced appellant to 18 months on count one and four years on count two. The court ruled that these sentences were to run concurrently to each other and merged for sentencing purposes. Defense counsel argued that if counts one and two merged because they were allied offenses of similar import, the court should *Page 4 
not impose sentences on both counts. Nevertheless, despite the fact that the judge stated at resentencing that the "counts merge," and the court's journal entry contained the following language: "Counts merged for purpose of sentencing * * *," the judge sentenced appellant on both counts.
 {¶ 8} Appellant brings this appeal asserting two assignments of error for our review:
 {¶ 9} "I. Arthur Velasquez was denied his constitutional rights of due process and not to be subjected to ex post facto laws by the imposition of sentences in excess of the minimum terms."
 {¶ 10} Appellant argues that the trial court erred by imposing non-minimum and consecutive prison terms. More specifically, he contends that to apply Foster retroactively violates the ex post facto and due process clauses of the United States Constitution.
 {¶ 11} Appellant contends that the trial court erred when it imposed a sentence beyond the shortest authorized term. The sentence was imposed pursuant to R.C. 2929.14 under the state sentencing structure in effect at the time of appellant's sentencing.
 {¶ 12} The Ohio Supreme Court's recent decision in State v.Foster, supra, renders appellant's assignment of error without merit for the purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, *Page 5 
including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster, supra.
 {¶ 13} Appellant argues that Foster does not apply in his case because his alleged criminal conduct pre-dates Foster, and applyingFoster is a violation of the ex post facto clause. If Foster did not apply to appellant, he would enjoy a presumption of minimum concurrent sentencing. The ex post facto clause of Article 1, Section 10 of the United States Constitution prohibits legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed." Miller v. Florida (1987), 482 U.S. 423, 429, quoting Calder v. Bull (1798), 3 Dall. 386, 390. This court recently addressed this issue in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715 and found:
 {¶ 14} "In the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." *Page 6 
 {¶ 15} In this case, appellant had notice regarding the sentencing range, which was the same at the time the offenses were committed as when he was sentenced. We therefore find that the application ofFoster does not violate appellant's due process rights or the ex post facto clause. Accordingly, his first assignment of error is overruled.
 {¶ 16} "II. Arthur Velasquez was denied his constitutional right not to be placed in jeopardy two times for the same offense by his convictions on two counts of failure to comply, which the court found to be allied offenses of similar import."
 {¶ 17} Appellant argues that the trial court erred when it subjected him to multiple convictions for the same crime. More specifically, he contends that because of this error, he has been subjected to a violation of his rights against double jeopardy. We agree.
 {¶ 18} The Fifth Amendment of the U.S. Constitution and Section 10, Article I of the Ohio Constitution forbid a defendant from being convicted twice for the same offense. According to R.C. 2941.25:
 {¶ 19} "Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However, if the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of *Page 7 
both offenses. R.C. 2941.25. See, also, State v. Law (Apr. 4, 1991), Cuyahoga App. No. 58326.
 {¶ 20} In State v. Lang (1995), 102 Ohio App.3d 243, 251,656 N.E.2d 1358, 1362-63, the court held that it is "prejudicial plain error to impose multiple sentences, even if the sentences are made to run concurrently, for allied offenses of similar import. * * * The prejudice arises from a criminal record that reveals convictions for two felonies when, in fact, the defendant has committed only one criminal act." This court has held that it is improper to impose concurrent sentences in this situation because the defendant is prejudiced by a "wide range of unpredictable adverse consequences" due to multiple convictions. The proper remedy is to merge the allied offenses into the controlling offenses.
 {¶ 21} The Ohio Supreme Court recently ruled that "the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." State v. Bezak,114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250.
 {¶ 22} In the case at bar, when appellant's sentence was reversed and remanded for resentencing under Foster, the trial court was required to resentence him "as if there had been no sentence." Id. Therefore, the judge's finding at the original sentencing hearing that there were allied offenses was vacated. In order for the counts to merge, the trial judge would have to have found, once again at the *Page 8 
resentencing, that the counts were allied offenses. We hold that the trial judge did find the counts to be allied offenses at resentencing.
 {¶ 23} Initially, we note that we are not deciding the substantive merits of whether the counts are indeed allied offenses. The trial judge, both at the resentencing hearing and speaking through her judgment entry, found that the offenses merged for purposes of sentencing. While the state argues in its brief that the counts are not allied offenses, the state did not object to that finding at the resentencing, nor did it appeal that decision. Therefore, that issue is waived on appeal.
 {¶ 24} At appellant's original sentencing in CR-451135, the judge found that counts one and two should merge because they were allied offenses of similar import and imposed a four-year sentence on the second count only. However, at appellant's resentencing, despite the judge's words that the counts were merged (indicating that she once again found the counts to be allied offenses), the judge imposed a sentence of 18 months on count one and four years on count two. It is important to note that the court's August 10, 2006 journal entry also indicated that the court found that the counts did indeed merge for purposes of sentencing (indicating that the judge found the counts to be allied offenses of similar import).
 {¶ 25} Because Bezak requires the trial court to resentence appellant as if there had been no sentence, on review we are to disregard the findings of the first *Page 9 
sentencing hearing and consider only the resentencing. A review of the record demonstrates that, at the resentencing, the trial judge clearly found that the counts merged for sentencing purposes. However, despite that finding, the judge sentenced appellant on both counts, rather than on just one count. It was improper to sentence appellant on both counts in CR-451135 because the trial judge held that counts one and two merged (were allied offenses). Appellant should have been sentenced on one count only. On remand, the trial court must merge the offenses so appellant is only convicted and sentenced on one count.
 {¶ 26} Accordingly, this cause is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR *Page 1