JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Michael Jarmal Pruitt appeals from his resentencing, which was ordered by this court in State v. Pruitt, Cuyahoga App. Nos. 86707 and 86986, 2006-Ohio-4106. He sets forth five assignments of error, the fifth of which is dispositive of this appeal: the court erred by failing to inform appellant that he would be subject to postrelease control.
 {¶ 2} In our original opinion in Pruitt, we stated at 4|24, "* * * we affirm appellant's convictions and the sentence imposed on the attempted murder charge. However, we vacate the sentence imposed on the charge of having a weapon under disability, and remand for resentencing on that charge alone." (Citation omitted.) At resentencing, the court sentenced Pruitt on the weapon under disability charge, but failed to impose three-years of postrelease control as required by R.C. 2967.28(B)(3).
 {¶ 3} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the syllabus states, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." The court premised its holding on State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, in which it held that "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further *Page 3 
required to incorporate that notice into its journal entry imposing sentence." Id. at paragraph one of the syllabus. Bezak concluded that a failure to inform an offender of postrelease control renders the sentence "void." Bezak, at Tf12.
 {¶ 4} The state concedes that the court failed to inform Pruitt of postrelease control and agrees that his sentence for having a weapon under disability was void. We agree and sustain Pruitt's fifth assignment of error. We remand this case to the court with instructions to resentence Pruitt on the weapons under disability count, including all periods of mandatory postrelease control. Pruitt's remaining assignments of error are moot. See App.R. 12(A)(2).
 {¶ 5} This cause is reversed and remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1