JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Charles Craddock, appeals his sentence in the Cuyahoga County Court of Common Pleas, as well as the trial court's decision that denied his motion to withdraw his guilty plea. For the reasons stated herein, we affirm.
 {¶ 2} This is the fourth appeal to this court in this action. The prior history of this case was succinctly set forth in State v.Craddock, Cuyahoga App. No. 87582, 2006-Ohio-5915 (Craddock III), as follows:
 "Craddock was indicted in 1999 on four counts of rape, by use of force or threat, in violation of R.C. 2907.02, and nine counts of gross sexual imposition, in violation of R.C. 2907.05. The victims were Craddock's minor daughter and two siblings of a child that Craddock was foster parenting.
 "Craddock subsequently pled guilty to two counts of rape, as amended by deleting the force or threat of force specification, and three counts of gross sexual imposition. He was sentenced to a total of 15 years incarceration and determined to be a sexual predator.
 "Craddock then appealed the denial of his post-sentence motion to withdraw his guilty plea and the 15-year sentence. This court held that the trial court did not abuse its discretion in denying Craddock's motion. It vacated Craddock's sentence, however, in light of the trial court's failure to state its reasons and make findings supporting the maximum, consecutive sentences, as required by then prevailing law. State v. Craddock, Cuyahoga App. No. 82870, 2004-Ohio-627 (Craddock I). Specifically, this court stated, `the conviction is affirmed; the sentence is vacated and the case remanded for a new sentencing hearing.' [Footnote omitted.]
 "Upon remand, the trial court sentenced Craddock to seven years for each rape count, to run consecutive to each other, and two years for each gross sexual imposition count, to run concurrently with each other but consecutive to the sentences for the rape counts, for a total of 16 years. In light of the trial court's failure to advise Craddock of post-release control at his resentencing, however, this court vacated *Page 4 
this sentence and remanded the matter to the trial court for resentencing. We stated, `the appellant's sentence is vacated and remanded for resentencing.' State v. Craddock, Cuyahoga App. No. 85175, 2005-Ohio-2839 (Craddock II).
 "Upon remand, Craddock filed another motion to withdraw his guilty plea. In his motion, Craddock argued that he should be allowed to withdraw his plea because, during the plea hearing, the trial court had advised him that he would be eligible for judicial release after three years, despite the fact that sentences for rape are mandatory in their entirety, and because the trial court had not advised him that post-release control was a mandatory component of his sentence. The trial court denied Craddock's motion to withdraw his plea without a hearing, finding that it was barred by the doctrine of res judicata. The court then sentenced Craddock to seven years each on the rape counts, to run consecutive, and two years on each of the gross sexual imposition counts, to be served concurrent with the rape counts, for a total sentence of 14 years. Craddock [then appealed] from this judgment. Craddock III."
In Craddock III, this court held as follows:
 "[T]he trial court was without jurisdiction upon remand to consider Craddock's motion [to withdraw his plea]. In State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 378 N.E.2d 162, the Ohio Supreme Court specifically held that a trial court does not have jurisdiction, upon remand, to entertain a Crim.R. 32.1 motion to withdraw a plea after a judgment of conviction has been affirmed by the appellate court.
 "* * *
 "Here, this court, in Craddock I, specifically affirmed the trial court's finding of guilt, which was premised upon Craddock's guilty plea. Although the case was remanded to the trial court twice, each time the remand was for the limited purpose only of resentencing. This court's judgment affirming the finding of guilt is `controlling upon the lower court as to all matters within the compass of the judgment' and, therefore, the trial court had no jurisdiction to consider Craddock's motion, much less to allow him to withdraw his guilty plea and grant a new trial. State ex rel. Special Prosecutors, supra, at 97. *Page 5 
 "Moreover, even assuming the trial court had jurisdiction to consider Craddock's motion, we find that it is barred by the doctrine of res judicata. The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Craddock raised the issue of the trial court's denial of his motion to withdraw his guilty plea in his direct appeal (Craddock I) and, therefore, any further reconsideration of that issue is barred by res judicata."
 {¶ 3} Notwithstanding the above, in Craddock III we again vacated Craddock's sentence, and the case was once again remanded in accordance with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because the trial court relied on unconstitutional provisions when it imposed Craddock's consecutive sentences. Craddock III.
 {¶ 4} Upon remand, Craddock again moved to withdraw his guilty plea for the same reasons proffered in Craddock III. Craddock acknowledged that the trial court was bound by Craddock III to deny the motion. The trial court did deny the motion and proceeded to impose a total sentence of 14 years of imprisonment. The trial court also imposed a five-year post-release control term. This appeal followed.
 {¶ 5} Craddock now raises two assignments of error for our review. His first assignment of error provides as follows: "Mr. Craddock has been denied due process of law by virtue of his having entered a guilty plea premised upon false information given to him by the trial court regarding his potential sentence." *Page 6 
 {¶ 6} Under this assignment of error, Craddock essentially is asking this court to revisit its ruling in Craddock III. Craddock argues that the Ohio Supreme Court's decision in State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, supports the proposition that a criminal defendant has no prohibition on successive motions to withdraw a guilty plea.
 {¶ 7} We recently rejected a similar attempt to rely on theBush case in State v. Vild, Cuyahoga App. Nos. 87742, 87965,2007-Ohio-987, wherein we held as follows:
 "A trial court has no jurisdiction to grant a motion to withdraw a plea after the plea and judgment have been affirmed on appeal. `Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.' State ex rel Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97, 378 N.E.2d 162; also see State v. Craddock, Cuyahoga App. No. 87582, 2006-Ohio-5915, PP8-9. In this case, the appellate court previously affirmed appellant's convictions, including the trial court's denial of appellant's motion to withdraw his plea. The trial court had no jurisdiction to permit appellant to withdraw his plea thereafter.
 "Appellant contends that the order granting his motion to withdraw his guilty plea in 1999 was not a collateral attack on the 1995 judgment so it should not be barred by the appellate court judgment affirming his 1995 conviction and sentence. In support of this proposition, appellant cites State v. Bush (2002), 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. The Supreme Court in Bush distinguished between a post-conviction motion to withdraw a guilty plea and a motion for *Page 7 
post-conviction relief. The court noted that the two motions provide distinct avenues for relief and that a motion to withdraw a guilty plea is not a collateral attack on the conviction or sentence. Notably, however, the Bush case does not address the trial court's power to affect the decision of a reviewing court. There was no appeal from the original judgment in Bush, so the issue did not arise whether the trial court had the power to grant a post-judgment motion to withdraw a guilty plea in the face of an appellate judgment affirming the conviction. Moreover, in this case, the appeals court affirmed the trial court's denial of appellant's motion to withdraw his guilty plea. The second motion to withdraw his guilty plea was a collateral attack on this appellate judgment. The trial court had no power to grant appellant's successive motion to withdraw his guilty plea under these circumstances."
 {¶ 8} Likewise, in this case we find that the trial court was without jurisdiction to grant Craddock's successive motion to withdraw his guilty plea. We also find that the successive motion was barred by the doctrine of res judicata. As held in State v. Miller, Lorain App. No. 03CA008259, 2003-Ohio-6580:
 "A motion to withdraw a guilty plea made pursuant to Crim.R. 32.1, regardless of whether it raises a constitutional issue, is separate and distinct from a petition for post-conviction relief filed pursuant to R.C. 2953.21. State v. Gegia, 9th Dist. No. 21438, 2003-Ohio-3313, at P7, citing State v. Bush (2002), 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. Accordingly, post-sentence Crim.R. 32.1 motions to withdraw a guilty plea are not governed by the time limits imposed by R.C. 2953.21. Id. However, such motions are subject to the doctrine of res judicata. See State v. Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363, at P20.
 "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated. State v. McMinn (June 16, 1999), 9th Dist. No. 2927-M, 1999 Ohio App. LEXIS 2745, at *7." *Page 8 
 {¶ 9} As we found in Craddock III, the issues raised by Craddock were raised or could have been raised in his direct appeal (Craddock I) and, therefore, are barred by res judicata.
 {¶ 10} Craddock's first assignment of error is overruled.
 {¶ 11} Craddock's second assignment of error provides the following: "Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 12} Under this assignment of error, Craddock argues that the trial court violated his due process rights by retroactively applying the remedial provision of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Craddock asserts that the Foster decision eliminated judicial fact-finding for more than the minimum and consecutive prison term, and in doing so, violated the prohibition against ex post facto law and violated the due process principles of the Ohio and United States Constitutions.
 {¶ 13} This court has repeatedly held that applying the remedial holding in Foster to a criminal defendant does not violate his due process rights or ex post facto principles. See, e.g., State v.Stokes, Cuyahoga App. No. 88939, 2007-Ohio-5063; State v.Velasquez, Cuyahoga App. No. 88748, 2007-Ohio-3913; State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715; see, also, State v.Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889 (recognizing other Ohio appellate courts have determined the application of Foster to defendants who committed their *Page 9 
offenses before that decision was released does not violate due process and does not function as an ex post facto law). We follow these decisions herein and reject Craddock's argument. Craddock's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR. *Page 1