JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Pruitt (Pruitt), appeals his plea, the trial court's denial of his motion to withdraw the plea, and his sentence. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On May 19, 2004, a Cuyahoga County Grand Jury indicted Pruitt with the following four counts: one count of attempted murder, two counts of felonious assault, and one count of having a weapon while under disability. The counts for attempted murder and felonious assault also included one-and three-year firearm specifications and a notice of prior conviction specification.
 {¶ 3} On October 13, 2004, Pruitt pleaded guilty to attempted murder with the three-year firearm specification and the notice of prior conviction specification attached, and also pleaded guilty to having a weapon while under disability. The counts for felonious assault were nolled.
 {¶ 4} On November 15, 2004, the trial court sentenced Pruitt to eleven years of imprisonment as follows: eight years of imprisonment for attempted murder; three years of imprisonment for the three-year firearm specification, to be served prior and consecutive to the sentence for attempted murder; and lastly, five years of imprisonment for having a weapon while under disability, to be served concurrently with the sentence for attempted murder.
 {¶ 5} On April 13, 2005, Pruitt filed a pro se motion to withdraw his guilty plea, which was denied by the trial court on June 27, 2005. *Page 4 
 {¶ 6} On July 13, 2005, Pruitt appealed, and on August 30, 2006, we affirmed in part, vacated in part, and remanded the matter for resentencing on the offense of having a weapon while under disability based upon State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. SeeState v. Pruitt, Cuyahoga App. Nos. 86707 and 86986, 2006-Ohio-4106
(Pruitt I); discretionary appeal not allowed by State v. Pruitt (2006),111 Ohio St.3d 1494.
 {¶ 7} On January 12, 2007, the trial court resentenced Pruitt. On February 7, 2008, we again reversed and remanded for resentencing on the offense of having a weapon while under disability, this time based uponState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, finding that the trial court failed to inform Pruitt of postrelease control. SeeState v. Pruitt, Cuyahoga App. No. 89405, 2008-Ohio-231 (PruittII).
 {¶ 8} On February 19, 2008, Pruitt filed an additional motion to withdraw his guilty plea. On February 26, 2008, the trial court denied Pruitt's additional motion to withdraw his plea and resentenced Pruitt to include three years of postrelease control for having a weapon while under disability.
 {¶ 9} Pruitt appeals, asserting four assignments of error for our review. As Pruitt's first and second assignments of error are related, we address them together in the interest of judicial economy.
 ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court abused its discretion by denying Appellant's motion to withdraw guilty plea filed prior to re-sentencing, thereby denying him due process and equal protection of the law in violation of the Fourteenth Amendment of the U.S. Constitution and Article I, Section[s] 2 and 16 of the Ohio Constitution." *Page 5 
 ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred when it failed to strictly comply with Crim. R. 11(C)(2)(c) when it did not sufficiently apprise appellant he was waiving his constitutionally guaranteed right to compulsory process by pleading guilty, in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, Article I[,] Section 10 of the Ohio Constitution, and Ohio Crim. R. 11 (C)(2)(c)."
 {¶ 10} Pruitt argues not only that his plea was not knowingly, intelligently, and voluntarily entered into, but that the trial court erred when it denied his motion to withdraw his guilty plea.
 {¶ 11} As it pertains to Pruitt's motion to withdraw his guilty plea, however, we have held that "[a] trial court lacks jurisdiction, upon remand, to consider a Crim. R. 32.1 motion to withdraw a guilty plea after affirmance by the appellate court of a judgment of conviction.State ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 378 N.E.2d 162; see, also, State v.Craddock, Cuyahoga App. No. 89484, 2008-Ohio-448." State v.Holloman-Cross, Cuyahoga App. No. 90351, 2008-Ohio-2189; discretionary appeal not allowed by State v. Holloman-Cross (2008),119 Ohio St.3d 1504.
 {¶ 12} We have further held that, even if we had jurisdiction to entertain Pruitt's motion to withdraw his plea, his motion is barred by res judicata. Id. at _11.
 {¶ 13} The same analysis applies to our review of Pruitt's argument that his plea lies in contravention of Crim. R. 11(C) as well:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from *Page 6 raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis in original.)
 {¶ 14} Pruitt's first and second assignments of error are overruled.
 {¶ 15} As Pruitt's third and fourth assignments of error pertain to his sentence, we address them together in the interest of judicial economy.
 ASSIGNMENT OF ERROR NUMBER THREE
 "The retrospective application of the Foster severance remedy on remand for re-sentencing denied Appellant the protection of the law afforded to him at the time the conduct in his indictment occurred and at the time of the sentencing, in violation of the ex post facto doctrine and the due process clause of the Fourteenth Amendment to the U.S. Constitution."
 ASSIGNMENT OF ERROR NUMBER FOUR
 "The trial court erred when on remand for re-sentencing it imposed the same sentence that was originally based upon facts submitted in the form of the victim impact statements, in violation of the Sixth Amendment jury trial guarantee in a manner as set forth in Apprendi and Blakely."
 {¶ 16} Pruitt argues that his sentence violates the due process clause of the Fourteenth Amendment and the ex post facto doctrine of the United States Constitution because he committed his crimes prior to the Supreme Court of Ohio's issuance of Foster. Pruitt also argues that the trial court erred when it imposed the same sentence at resentencing. *Page 7 
 {¶ 17} We review sentences pursuant to a two-prong standard set forth by the Supreme Court of Ohio in a split decision in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912.[1]
 "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."
 {¶ 18} "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Samuels, Cuyahoga App. No. 88610,2007-Ohio-3904, at ¶ 7. (Internal citations omitted.)
 {¶ 19} As it pertains to the second prong of Kalish, the Supreme Court of Ohio held in Foster, that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum *Page 8 
sentences." Id. at ¶ 100. Additionally, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99.
 {¶ 20} Regarding Pruitt's constitutional arguments, the ex post facto clause of Article I, Section 10 of the United States Constitution prohibits "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. Article II, Section 28 of the Ohio Constitution similarly "prohibits the General Assembly from passing retroactive laws and protects vested rights from legislative encroachments." Smith v. Smith, 109 Ohio St.3d 285,2006-Ohio-2419. Similar restrictions are placed on judicial opinions.State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162.
 {¶ 21} We have consistently held that Foster does not violate federal or state ex post facto clauses or due process rights. SeeMcGhee, supra; See Mallette, supra. The Mallette court held:
 "Mallette had notice that the sentencing range was the same at the time he [Mallette] committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding in Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Mallette at ¶ 47. *Page 9 
 {¶ 22} In the case sub judice, Pruitt does not assert, pursuant toMallette, that he lacked notice regarding his sentencing range or thatFoster judicially increased the range of his sentence; nor does he assert that the trial court retroactively applied a new statutory maximum to an earlier committed crime or created the possibility of consecutive sentences where none existed.
 {¶ 23} Pruitt also argues that the trial court erred by imposing the same sentence at resentencing and by "silently" affirming the facts considered at the earlier sentencing hearing.
 {¶ 24} The Supreme Court of Ohio held in Foster that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Additionally, "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99.
 {¶ 25} Although Foster no longer requires the trial court to make findings or give reasons for imposing its sentence, R.C. 2929.11 and2929.12 remain operative, setting forth the statutory factors that the trial court must consider when imposing its sentence. State v.Page, Cuyahoga App. No. 90485, 2008-Ohio-4424. *Page 10 
 {¶ 26} Specifically, R.C. 2929.11(A) sets forth the overriding purpose of felony sentencing in Ohio and reads, in part:
 "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 27} In Pruitt II, we reversed and remanded because the trial court failed to inform Pruitt of postrelease control as it pertains to his sentence for having a weapon while under disability. Pruitt II at _4-5.
 {¶ 28} Pruitt's five-year sentence for having a weapon while under disability is within the statutory range. Furthermore, the February 26, 2008 sentencing journal entry reads in part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 29} The sentencing transcript also reveals that the trial court considered additional factors: Pruitt's arguments regardingFoster; letters written by Pruitt's family on his behalf; and Pruitt's prison report that he is doing well. The transcript also makes clear that the trial court informed Pruitt of postrelease control. *Page 11 
 {¶ 30} We thus find that Pruitt's sentence comports with the two-prong test set forth in Kalish.
 {¶ 31} Pruitt's third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court of Ohio split over whether we review sentences under an abuse-of-discretion standard in some instances. *Page 1