JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Charles Craddock, II, pro se, appeals the June 11, 2008 judgment denying his motion to withdraw his guilty pleas.
 {¶ 2} Craddock was charged in 1999 with four counts of rape with the use of force or threat specifications, and nine counts of gross sexual imposition. He pled guilty to two counts of rape, which were amended to delete the use of force or threat specifications, and three counts of gross sexual imposition. He was sentenced to a 15-year prison term. Craddock filed a postsentence motion to withdraw his pleas, which was denied. Several appeals followed.
 {¶ 3} In his first appeal, Craddock challenged the denial of his motion to withdraw his pleas, the lack of hearing on same, and his 15-year sentence. This court affirmed the pleas, but vacated the sentence and remanded for a new sentencing hearing. State v.Craddock, Cuyahoga App. No. 82870, 2004-Ohio-627, ¶ 36 ("CraddockI").
 {¶ 4} On remand, Craddock was resentenced to a 16-year term, and appealed, contending that the trial court failed to fully advise him of postrelease control. This court agreed, and on that issue only, vacated the sentence and again remanded for resentencing. State v.Craddock, Cuyahoga App. No. 85175, 2005-Ohio-2839, ¶ 2 ("CraddockII"). *Page 4 
 {¶ 5} On remand, Craddock filed a motion to withdraw his pleas. As grounds for his motion, Craddock argued that during the plea hearing the trial court had advised him that he would be eligible for judicial release after three years, despite the fact that the rape sentences were mandatory in their entirety. He also argued that the trial court had not advised him at the plea hearing that postrelease control was a mandatory part of his sentence. The trial court denied the motion without a hearing on the grounds of res judicata. The trial court sentenced him to the same 16-year term and advised him that he would be subject to five years postrelease control. Craddock again appealed.
 {¶ 6} This court held that the trial court was without jurisdiction upon remand (which was for the limited purpose of resentencing only) to consider Craddock's motion to withdraw his pleas. State v.Craddock, Cuyahoga App. No. 87582, 2006-Ohio-5915, ¶ 8 ("CraddockIII"). Moreover, this court held that even if the trial court had jurisdiction to consider the motion, a new determination was barred by the principles of res judicata. Id. at ¶ 11.
 {¶ 7} Nonetheless, in Craddock III, this court again vacated the sentence and remanded the case for resentencing, this time in accordance with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. On remand, Craddock again filed a motion to withdraw his pleas for the same reasons set forth in Craddock III The trial court denied the motion, resentenced him to 14 years, with 5 years of postrelease control. Craddock appealed, basically asking this *Page 5 
court to reconsider its position in Craddock III and challenging the retroactive application of Foster. This court rejected both of Craddock's arguments and affirmed the trial court. State v.Craddock, Cuyahoga App. No. 89484, 2008-Ohio-448 ("Craddock IV").
 {¶ 8} Approximately two months after this court's opinion inCraddock IV, Craddock filed yet another motion to withdraw his guilty pleas, contending that the court failed to advise him at the plea of postrelease control and that a prison sentence was mandatory. The court denied the motion and this fifth appeal followed. Craddock raises four assignments of error which are set forth in the Appendix to this opinion.
 {¶ 9} We summarily overrule all four assignments of error because the trial court was without jurisdiction to consider Craddock's motion. The Ohio Supreme Court has consistently held that a trial court has no authority to extend or vary the mandate of the appellate court. SeeNolan v. Nolan (1984), 11 Ohio St.3d 1, 4, 462 N.E.2d 410; Hopkins v.Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 1, 820 N.E.2d 329; State exrel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 378 N.E.2d 162. See, also, Briggs v. Pennsylvania RR.Co. (1948), 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L. Ed. 1403. This court's mandate in Craddock IV was as follows:
 {¶ 10} "Judgment affirmed.
 {¶ 11} "*** *Page 6 
 {¶ 12} "It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence."
 {¶ 13} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *** [T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted.) Nolan, supra at 3.
 {¶ 14} This court's decision in Craddock IV was the law of the case, and the trial court was without jurisdiction to consider Craddock's (repetitive) arguments. See Nolan, supra at 4 ("[T]he trial court is without authority to extend or vary the mandate given.").
 {¶ 15} The mandate in Craddock IV was clear and dispositive: the conviction was affirmed and the case was remanded to the trial court for execution of the sentence.
 {¶ 16} In light of the above, Craddock's assignments of error are without merit.
 {¶ 17} The judgment in Craddock IV remains in effect. *Page 7 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, PRESIDING JUDGE
ANN DYKE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR
 APPENDIX
Assignment of Error I
 THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WITHOUT AN EVIDENTIARY HEARING
Assignment of Error II
 THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WITHOUT PASSING UPON EACH ISSUE RAISED
Assignment of Error III *Page 8 
 THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WHEN THE ERRORS COMMITTED DURING THE PLEA HEARING, COLLECTIVELY, RENDER THE PLEAS UNENFORCEABLE UNDER THE UNITED STATES AND OHIO CONSTITUTIONS AND MAKING THE PLEAS VOID
Assignment of Error IV
 TRIAL COUNSEL WAS INEFFECTIVE DURING THE PLEA HEARING RENDERING THE GUILTY PLEAS NOT KNOWING, VOLUNTARY OR INTELLIGENT *Page 1