JOURNAL ENTRY AND OPINION
{¶ 1} In October 2005, a Cuyahoga County Grand Jury indicted defendant-appellant, Vincent Halloman-Cross,[1] on 20 counts of rape involving Jane Doe, a minor under 13 years of age, and one count of unlawful sexual conduct with Jane Doe after she turned 13. The offenses allegedly occurred between November 2003 and February 2005.
 {¶ 2} Appellant subsequently pled guilty to two counts of rape and one count of unlawful sexual conduct with a minor. The trial court sentenced him to six years incarceration on each of the rape counts, and six months on the count of unlawful sexual conduct with a minor, all counts to be served concurrently.
 {¶ 3} Appellant now appeals, assigning four errors for our review.
 {¶ 4} Appellant's first and third assignments of error challenge his guilty plea. In his first assignment of error, appellant contends that his guilty plea was not knowingly, voluntarily, or intelligently made because it was induced by a promise from the trial judge of a minimum sentence. "Where the trial court promises a certain sentence, that promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary." State v. Triplett (Feb. 13, 1997), Cuyahoga App. No. 69237, citing State v. Simms (Dec. 6, 1984), Cuyahoga App. No. 47796.
 {¶ 5} The record reflects that the trial judge began the plea hearing by asking the prosecutor to state the plea agreement. After the prosecutor informed the court that it would nolle all other counts of the indictment if appellant pled guilty to two rape charges, first degree felonies, and one count of unlawful sexual conduct with a minor, a fourth degree felony, the trial court asked appellant if he understood that the rape charges carried "a mandatory prison sentence." When appellant indicated that he so understood, the trial judge confirmed, "[a]nd that means that I don't have any power to give you any sentence but a prison sentence. And being a first degree felony it would be as little as three years or as much as ten years. Understood?" Appellant answered affirmatively. Subsequently, appellant told the trial judge that he wanted to "take responsibility" for his actions, but denied that he had raped the victim twice. The trial judge informed appellant that if he pled guilty to three counts in the plea agreement, he would be admitting to three separate offenses. After a brief recess, appellant again told the trial judge that "it didn't happen more than one occasion" and he was "accepting responsibility for the one rape." The trial judge informed appellant that the State was not offering him the opportunity to plead guilty to only one rape; the offer was that he plead guilty to two rapes and one count of unlawful sexual conduct with a minor.
 {¶ 6} Defense counsel then stated that if appellant went to trial, he could be convicted of all 21 counts. When appellant stated that he did not want to "get" all 21 counts, defense counsel stated that, under the circumstances, this was a very favorable plea agreement for appellant. He told appellant that in his estimation, appellant would likely get a minimum concurrent sentence. The trial judge then told appellant:
 {¶ 7} "So if you stand here and plead guilty to these three charges, Mr. McGowan is absolutely right, you haven't served a prison term, so the starting point for a judge is the minimum sentence of three years. That doesn't mean that I couldn't go beyond that. But that's the starting point.
 {¶ 8} "Number two, he also indicated that he thinks this is appropriate for concurrent sentencing. And he reminded you that if your minimum sentence on each of these rape charges is three years, then the smallest sentence you could get for the two rapes, just looking at those two crimes, is three years, one three year period. Do you understand that?"
 {¶ 9} Appellant then asked the judge, "So guaranteed three years?"
 {¶ 10} Defense counsel responded, "No guarantees."
 {¶ 11} The trial judge then told appellant, "It's not that it's guaranteed, it's that it's the starting point. See, the guy that's been to prison before, he doesn't start at three years. But the starting point for the judge, unless the judge can find special reasons, is the minimum sentence. But if you say that you did a crime two times, under these circumstances, the court can possibly give you consecutive sentences, but it doesn't have to. And I'm not supposed to give you consecutive sentences, that would be three plus three, unless special things are present.
 {¶ 12} "And I don't frankly believe those special things are present. So it seems most likely that you will get concurrent sentences, meaning you can get-you'll get a number of prison sentences, but you get to serve them all at one time."
 {¶ 13} The trial judge then explained the rights appellant would be waiving by pleading guilty and reviewed the charges and possible penalties with appellant. With respect to the rape charges, the trial judge told appellant, "I have to give you a prison sentence, and it can be three years on each of these charges, it can be three, four, five, all the way up to ten years at Lorain Correctional. Now, even though I have to give you separate prison sentences, I can let you serve them at the same time." With respect to the unlawful sexual conduct with a minor, the trial judge told appellant, "[t]hat's a felony of the fourth degree. That is not mandatory prison, but the court can send you to prison on that. The minimum sentence is six months and then it goes up to seven months, eight months, all the way up to 18 months in Lorain Correctional. And again the court has to give you a separate sentence there. But the court can permit you to serve that prison sentence with the same time you were (sic) serving the rape charges."
 {¶ 14} The trial judge then advised appellant that he would be supervised by the parole board for up to five years after prison, and would automatically be classified as a sexually oriented offender. She then asked appellant if he wanted to proceed with the plea. Appellant told her he did not know what to do and asked defense counsel for his advice. Defense counsel recommended that appellant take the State's plea offer. After a discussion off the record, appellant pled guilty to the three charges.
 {¶ 15} The trial judge then asked appellant whether anyone had threatened him to get him to plead guilty. The record reflects the following colloquy in response to this question:
 {¶ 16} "THE DEFENDANT: I don't want to. I have-don't have a choice. I have no other option, no other alternative. He's telling me if I go to trial, I'm going to get 20 years, the rest of my life in jail, so the rest of my life and get out and still be a felony (sic) and still never get a good job. That's fine. I can do that, too. Not —
 {¶ 17} "THE COURT: I don't know if Mr. McGowan said you would get 20 years in prison. But the plain fact of the matter is, you could get more convictions from more counts. And I don't know if you could get the rest of your life in jail. Certainly with the number of these counts added end to end you could get a substantial larger number than the three to ten that we're talking about. When you get convicted of numerous charges, there-that can present more of an opportunity or basis under Ohio law for consecutive sentences, sentences that run end to end.
 {¶ 18} "But let me be clear about something. You're only 20 years old. And one of the possibilities here is that you get a minimum three year sentence, so when you got out of prison you would be a whopping 23 years of age."
 {¶ 19} The trial judge agreed with appellant that this case would affect him for the rest of his life, but encouraged him that he could turn his life around. The trial judge then asked appellant, "Now, did anyone promise you anything else other than the dismissal of those 18 charges?" Appellant responded, "Just the possibility I could get three years." The trial judge reiterated, "Just the possibility. So it's not a promise of three years, it's the possibility of three years. Do you understand me?" Appellant responded, "Yeah."
 {¶ 20} The trial judge then accepted appellant's plea as made knowingly, voluntarily, and intelligently, found him guilty of the charges, and ordered a presentence report. The judge subsequently sentenced appellant as outlined above.
 {¶ 21} Appellant now contends that the judge's "implied promise of a concurrent sentence together with the court not advising defendant what were special circumstances which would allow the court [to] to beyond a minimum sentence deprived the plea of its voluntary nature." We disagree.
 {¶ 22} First, although the trial judge did not promise concurrent sentences, she stated that it "seems most likely" that appellant would receive concurrent sentences, and did, in fact, sentence appellant to concurrent terms.
 {¶ 23} Next, with respect to the sentence of six years incarceration on each of the rape counts, we do not find any promise by the trial judge to sentence appellant to the minimum three years. Although the judge indicated several times that three years was the minimum term, and hinted more than once that appellant would likely be sentenced to three years, she specifically told appellant that three years was "the starting point" and the term could go "all the way up to ten years." Moreover, when appellant stated that he had been promised the "possibility" of a three-year sentence, the trial judge reminded him that "it's not a promise of three years, it's the possibility of three years" and appellant acknowledged that he so understood.
 {¶ 24} Finally, despite appellant's assertion to the contrary, there is no requirement that the trial court explain what special circumstances would allow the court to go beyond the minimum sentence.
 {¶ 25} On this record, there is nothing to suggest that appellant's plea was not knowingly, voluntarily, and intelligently made. Appellant's first assignment of error is therefore overruled.
 {¶ 26} In his third assignment of error, appellant alleges that his plea was not knowingly, voluntarily and intelligently made because he did not understand the nature of the charges against him prior to entering his plea.
 {¶ 27} Crim.R. 11(C) provides, in relevant part:
 {¶ 28} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 29} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 30} "(b) Informing the defendant and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance, of the plea, may proceed with judgment and sentence.
 {¶ 31} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 32} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. State v.Olds (June 8, 2001), Cuyahoga App. No. 76240, citing State v.Ballard (1981), 66 Ohio St.2d 473, 479-480.
 {¶ 33} In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. Id.; State v. Stewart (1977), 51 Ohio St.2d 86,93; State v. Gibson (1986), 34 Ohio App.3d 146, 147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard, supra, at paragraph two of the syllabus. Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his or her plea and the nature of the rights he or she was waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108; Stewart, supra, at 93. " [F]ailure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is `whether the plea would have otherwise been made.'" State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ s 11-12, quotingNero, supra, at 108.
 {¶ 34} Appellant contends that his plea was not knowingly made because the rape counts to which he pled guilty only vaguely alleged that the rapes occurred sometime between November 23, 2003 and December 15, 2004, and count 21 similarly vaguely alleged that appellant had unlawful sexual conduct with a minor sometime between December 16, 2004 and February 2005. Appellant asserts that without a more specific date identified with respect to each count, he could not have made a knowing and intelligent plea. In addition, appellant contends that the trial court did not identify the specific sexual conduct identified with each charge (e.g., digital or anal penetration) and did not explain the elements of sexual conduct to him.
 {¶ 35} A defendant's right to have the elements of the crime explained to him is a nonconstitutional right. State v. Singh (2000),141 Ohio App.3d 137, 141. "In order for a trial court to determine that a defendant is entering a plea with an understanding of the nature of the charge, the court need not advise him of the elements of the crime or specifically ask him if he understands the charge, so long as the totality of the circumstances indicate that the trial court was warranted in deciding that the defendant did understand the charge." Id.
 {¶ 36} Here, the totality of the circumstances indicate that appellant understood the nature of the charges against him. The record demonstrates that after the trial judge reviewed the charges with appellant, he stated that he understood the charges. Further, he specifically told the trial judge that he had reviewed the definition of "sexual conduct" as set forth in the charges. Additionally, appellant told the trial judge that he understood that the charges to which he was pleading guilty alleged that sometime between November 23, 2003 and February 2005, he had raped Jane Doe twice and once engaged in unlawful sexual conduct with her while she was older than 13 but younger than 16. We find nothing in this record to demonstrate that appellant did not understand the charges, even though they covered a range of time. Furthermore, appellant has not demonstrated, or even asserted, that he would not have pled guilty had a specific date been attached to each charge or if the trial court had explained the elements of the charges more fully to him. Accordingly, appellant has not demonstrated any prejudice as a result of the alleged error.
 {¶ 37} Appellant's third assignment of error is overruled.
 {¶ 38} Appellant's second and fourth assignments of error relate to sentencing. In his second assignment of error, appellant contends that the trial judge erroneously relied on her own personal knowledge in determining his sentence. Appellant cites no facts, however, to support this argument.
 {¶ 39} Appellant also argues that the trial judge improperly sentenced him to six years incarceration, rather than the presumptive three-year minimum term, because she sentenced him as if the conduct occurred over 13 months, even though he pled guilty to three charges which occurred on three specific dates.
 {¶ 40} We find nothing in the record to support appellant's argument. He admitted at the plea hearing that the offenses to which he was pleading guilty occurred sometime during the 13-month time frame alleged in the indictment. Furthermore, he raised no objection at the plea hearing or at sentencing that a more specific date was not attached to each offense.
 {¶ 41} Appellant's second assignment of error is therefore overruled.
 {¶ 42} In his fourth assignment of error, appellant contends that the trial judge erroneously based her sentence on a finding that there was a relationship between him and the victim which helped to facilitate the offense. Specifically, appellant contends that there was nothing in the record to warrant the trial judge's finding that the victim was a foster child who lived in the home of appellant's mother at the time of the offenses and that the judge therefore improperly utilized a fact neither admitted nor proved in sentencing him. We disagree.
 {¶ 43} The presentence investigation report, ordered by the trial judge after appellant's plea hearing, contained information that the victim was a foster child living with appellant's mother at the time of the offenses. R.C. 2951.03 authorizes the creation and use of presentence investigation reports that include a description of the circumstances of the offense. Moreover, the record demonstrates that appellant's counsel informed the court, at the plea hearing, that the victim was a foster child living with appellant's mother at the time of the offenses. Accordingly, the fact was both admitted and proved.
 {¶ 44} Nevertheless, pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, we vacate appellant's sentence and remand for resentencing.
 {¶ 45} In Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, the United States Supreme Court held that, in light of the Sixth Amendment's right to jury trial, any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt or admitted by the defendant. Subsequently, inFoster, supra, the Supreme Court of Ohio held that R.C. 2929.14(B), regarding more than minimum sentences, as well as other sentencing provisions, violated the principles announced in Blakely because it required judicial findings of fact not proven to a jury beyond a reasonable doubt before a court could impose more than the minimum sentence. The Supreme Court found R.C. 2929.14(B) unconstitutional, excised it from Senate Bill 2, and ordered that cases on direct review be remanded for resentencing in light of its remedial severance. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at ¶ 100.
 {¶ 46} In sentencing appellant to more than the presumptive minimum three-year sentence, the trial court specifically found, as required by R.C. 2929.14(B) as then in effect, that "it would demean the seriousness of Mr. Cross' conduct to give him the minimum sentence. The court also finds that the public is entitled to more protection from Mr. Cross than the minimum sentence that three years would provide." Accordingly, in imposing more than the minimum sentence, the trial court utilized facts neither proven beyond a reasonable doubt nor admitted by appellant.
 {¶ 47} Accordingly, appellant's fourth assignment of error is sustained as it relates to the trial court's judicial factfinding in sentencing him.
Finding of guilt affirmed; sentence vacated; remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR
[1] Appellant's name is spelled Halloman-Cross and Holloman-Cross in the record.