JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Vincent Holloman-Cross (Holloman-Cross) appeals the trial court's imposition of sentence entered on August 10, 2007.
 {¶ 2} On October 18, 2005, a Cuyahoga County Grand Jury indicted Holloman-Cross on twenty counts of rape involving Jane Doe, a minor under thirteen years of age, and one count of unlawful sexual conduct with Jane Doe, a minor over the age of thirteen.
 {¶ 3} On December 19, 2005, Holloman-Cross pleaded guilty to two counts of rape and one count of unlawful sexual conduct with a minor. The trial court nolled the remaining counts.
 {¶ 4} On February 10, 2006, the trial court sentenced Holloman-Cross to six years of imprisonment as follows: six years of imprisonment for each count of rape and six months of imprisonment for unlawful sexual conduct with a minor, all counts to be served concurrently. The trial court also designated Holloman-Cross as a sexually oriented offender.
 {¶ 5} On May 15, 2006, Holloman-Cross filed a notice of appeal. On January 25, 2007, we affirmed in part, vacated in part, and remanded to the trial court for resentencing. See State v. Holloman-Cross, Cuyahoga App. No. 88159, 2007-Ohio-290 (leave to appeal denied by the Supreme Court of Ohio on July 13, 2007).
 {¶ 6} On April 16, 2007, Holloman-Cross filed a motion to withdraw his plea, which was denied on July 25, 2007. Holloman-Cross argued the following in his *Page 4 
motion to withdraw his guilty plea: his guilty plea was induced by the implied promise that he would receive a minimum three-year sentence when in actuality, he was sentenced to six years of imprisonment; that his plea was not knowingly, intelligently, and voluntarily made because he was not fully informed of certain circumstances of the case, namely, that the victim testified in a related case against Holloman-Cross' biological mother, the victim's foster mother, that Holloman-Cross was under the age of eighteen when the alleged offenses occurred, and that she voluntarily engaged in sexual conduct with him.
 {¶ 7} On August 10, 2007, the trial court resentenced Holloman-Cross to three years of imprisonment as follows: three years of imprisonment on each count of rape and eighteen months of imprisonment for unlawful sexual conduct with a minor, all counts to be served concurrently.
 {¶ 8} On August 29, Holloman-Cross filed a notice of appeal and asserted two assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE "Defendant was denied due process of law when the court overruled his motion to withdraw his plea without a hearing."
 {¶ 9} Holloman-Cross argues that the trial court erred when it denied his motion to withdraw his guilty plea without a hearing.
 {¶ 10} A trial court lacks jurisdiction, upon remand, to consider a Crim.R. 32.1 motion to withdraw a guilty plea after affirmance by the appellate court of a judgment *Page 5 
of conviction. State ex rel. Special Prosecutors v. Judges, Court ofCommon Pleas; Asher (1978), 55 Ohio St.2d 94; see, also, State v.Craddock, Cuyahoga App. No. 89484, 2008-Ohio-448.
 {¶ 11} Furthermore, even if the trial court had jurisdiction to entertain Halloman-Cross' motion to withdraw his plea, his motion is barred by res judicata.
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." State v. Perry (1967) 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis in original.)
 {¶ 12} Holloman-Cross raised the issue of the trial court's denial of his motion to withdraw his guilty plea in his direct appeal and, thus, further consideration is barred by the doctrine of res judicata. SeeCraddock.
 {¶ 13} Holloman-Cross' first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO "Defendant was denied due process of law when the court ordered that defendant be subject to the Adam Walsh Act."
 {¶ 14} Holloman-Cross argues that he was denied due process of law when the court ordered that he be subject to the registration requirements set forth in the Adam Walsh Child Protection and Safety Act (Adam Walsh Act). Specifically, Holloman-Cross argues that the resulting increase in registration criteria violates the *Page 6 
ex post facto clause because it punishes him for acts he committed before the enactment of the Adam Walsh Act.
 {¶ 15} The ex post facto clause of Article I, Sections 9 and 10 of the United States Constitution prohibit:
 "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was when committed. 3d Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull (1798), 3 U.S. 386, 390.
 {¶ 16} The Sex Offender Registration and Notification Act (SORNA) is contained in the Adam Walsh Act, enacted on July 27, 2006, which requires convicted sex offenders to register in the jurisdiction in which he or she resides. SORNA is incorporated into Ohio law. See R.C. 2950 et seq.
 {¶ 17} SORNA requires all jurisdictions to maintain a registry including the following information regarding sex offenders: names and aliases, social security number, residence, place of employment or school, vehicle information, physical description, criminal history, current photograph, fingerprints, palm prints, a DNA sample, and a photocopy of one's driver's license or identification card.42 U.S.C. 16914. SORNA also sets forth the manner in which sex offenders are to register, namely, every ninety days, as applied in the case sub judice.42 U.S.C. 16916.
 {¶ 18} The Supreme Court of the United States set forth the framework for determining whether a statute violates the ex post facto clause: *Page 7 
 "We must ascertain whether the legislature meant the statute to establish `civil' proceedings. If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it `civil.' Because we ordinarily defer to the legislature's stated intent, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." Smith v. Doe (2003), 538 U.S. 84. (Internal quotations and citations omitted.)
 {¶ 19} Thus, we must first consider whether SORNA is civil or punitive in nature. SORNA is codified in Title 42 of the United States Code, a section reserved not for criminal punishment, but for "Public Health and Welfare." Furthermore, SORNA's purpose is to "protect the public from sex offenders and offenders against children * * *." 42 U.S.C. 16901. Thus, "[i]t is clear that Congress intended SORNA to be civil in nature." United States v. Mason (M.D.Fla. 2007), 510 F.Supp.2d 923, 929. Therefore, we find that SORNA is civil and nonpunitive.
 {¶ 20} Furthermore, we must consider whether SORNA's statutory scheme is so punitive either in purpose or effect as to negate the intent to deem it civil. A review of SORNA reveals that it deals primarily with procedural issues, including collection and dissemination of a sex offender's information, which is indicative of a civil statutory frame ork. Thus, "there is insufficient evidence to transform SORNA from a civil scheme into a criminal penalty." Mason. The majority of courts that have addressed this issue as it pertains to failure to register pursuant to SORNA have found the same. See United States v. Markel
(W.D.Ark. 2007), 2007 U.S. Dist. *Page 8 
LEXIS 27102; United States v. Manning (W.D.Ark. 2007), 2007 U.S. Dist. LEXIS 12932; United States v. Templeton (W.D.Okla. 2007), 2007 U.S. Dist. LEXIS 8930; United States v. Madera (M.D.Fla. 2007),474 F.Supp.2d 1257.
 {¶ 21} Therefore, we find that SORNA, as set forth in the Adam Walsh Act does not violate Holloman-Cross' ex post facto protections. Holloman-Cross' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR *Page 1