JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William Rabel, appeals his sentence and his classification as a Tier III sex offender. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2007, Lakewood High School teacher and coach William Rabel ("Rabel") was charged with twenty-nine counts of sexual battery involving one of his students. In January 2008, he pled guilty to ten counts of sexual battery.
 {¶ 3} Rabel filed a sentencing memorandum, in which he challenged both the constitutionality of the recently enacted Adam Walsh Act and requested that he be placed on community control sanctions in part, he argued, because his case was analogous to that of another teacher who had been convicted of sexual battery involving a student.
 {¶ 4} In March 2008, the trial court held a full sentencing hearing and sentenced Rabel to two years on each count and ordered those sentences to run concurrently. However, the trial court granted Rabel's motion for judicial release in December 2008 and ordered him to complete a residential sexual offender treatment program.
 {¶ 5} Rabel appeals, raising two assignments of error for our review.
 {¶ 6} In the first assignment of error, Rabel argues that the trial court erred in imposing a sentence vastly disproportionate to another, similarly situated offender.
 {¶ 7} In State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, the Ohio Supreme Court addressed the standard of review for felony sentences. TheKalish court, in a split decision, declared that in applying State v.Foster, 109 Ohio St.3d 1, *Page 4 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts must apply a two-step approach." Kalish at ¶ 4.[1]
 {¶ 8} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4, 14, 18. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4, 19.
 {¶ 9} In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G). Id. at ¶ 14.
 {¶ 10} As the Kalish court noted, post-Fosfer, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence."Foster, paragraph seven of the syllabus, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. See, also, State v. McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322;State v. Sharp, Cuyahoga App. No. 89295, 2007-Ohio-6324; State v.AH, Cuyahoga App. No. 90301, 2008-Ohio-4449. The Kalish court declared that although Foster eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. Kalish at ¶ 13. *Page 5 
As a result, the trial court must still consider these statutes when imposing a sentence. Id. at ¶ 13, citing Mathis at ¶ 38.
 {¶ 11} R.C. 2929.11(A) provides that a "court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 12} R.C. 2929.12 provides a nonexhaustive list of factors a trial court shall consider when determining the seriousness of the offense and the likelihood that this offender will commit future offenses.
 {¶ 13} The Kalish court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. Id. at ¶ 17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.
 {¶ 14} Rabel argues that his sentence was contrary to law because another similarly situated, but female, offender was given community control sanctions.
 {¶ 15} "Consistency in sentencing is achieved by weighing the sentencing factors." State v. Dowell, Cuyahoga App. No. 88864,2007-Ohio-5534, ¶ 8. In State *Page 6 v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083, we stated that "there is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders." Id. at ¶ 31. An appellate court must examine the record not to decide whether the trial court "imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment." Id.
 {¶ 16} In the instant case, the trial court expressly stated that it considered all the purposes and principles of R.C. 2929.11, as well as the factors in R.C. 2929.12. The court noted that Rabel used his position as a teacher to facilitate the offense, that the victim suffered psychological harm, that the victim's mother approached Rabel about her daughter's "crush" on him, and Rabel lied to the mother about the relationship, and Rabel showed a continued pattern of deceit in keeping the relationship secret.
 {¶ 17} Rabel's argument relies entirely on a comparison of his case with that of Christine Scarlett, another teacher. State v.Scarlett, Cuyahoga County Case No. CR-481451. At the sentencing hearing, both the State and the trial court distinguished Rabel's case from that of Scarlett. The trial court stated that Rabel's case was different as to the nature and relationship and the mitigating factors. The trial court noted that Rabel was approached by the victim's mother about the relationship but deceived the mother and continued the relationship, even going so far as changing e-mail address identifiers so "as not to arouse any parental *Page 7 
suspicions." The trial court also noted that Rabel pled guilty to ten counts of sexual battery, whereas Scarlett pled guilty to three counts of sexual battery.
 {¶ 18} Although the trial court sentenced the defendant inScarlett to community control sanctions, the State points to cases in which school employees were sentenced more harshly than Rabel. State v.Boettner, Summit App. No. 23537, 2007-Ohio-3883 (court imposed four-year sentence on female defendant for one count of sexual battery); State v.Shipley (Feb. 4, 2004), Lorain App. No. 03CA008275 (court imposed ten-year sentence on six counts of sexual battery); State v. Halmi (Aug. 16, 2001), Cuyahoga App. No. 78485 (court imposed four-year sentence on one count of sexual battery).
 {¶ 19} Thus, we find that Rabel's sentence was not contrary to law.
 {¶ 20} Having satisfied step one, we next review whether the trial court abused its discretion. Kalish at ¶ 4, 19. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quotingState v. Adams (1980) 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 21} We find that there is nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary or unconscionable. Rabel was facing a possible sentence of fifty years in prison. He was sentenced to two years in prison and granted judicial release, with conditions, after eight months in prison. Should we *Page 8 
decide to sustain the assignment of error and remand the case for resentencing, the court could impose a sentence up to the maximum statutory sentence.
 {¶ 22} The first assignment of error is overruled.
 {¶ 23} In the second assignment of error, Rabel argues that application of the Adam Walsh Act violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
 {¶ 24} The Sex Offender Registration and Notification Act (SORNA) is contained in the Adam Walsh Act and requires convicted sex offenders to register in the jurisdiction in which he or she resides. SORNA is incorporated into Ohio law. See R.C. 2950 et seq.
 {¶ 25} We have held that "SORNA, as set forth in the Adam Walsh Act, does not violate *** ex post facto protections." State v.Holloman-Cross, Cuyahoga App. No. 90351, 2008-Ohio-2189, discretionary appeal not allowed by State v. Holloman-Cross, 2008-Ohio-5467.
 {¶ 26} We have also found that SORNA, as set forth in the Adam Walsh Act, does not violate the Retroactivity Clause of the Ohio Constitution.State v. Ellis, Cuyahoga App. No. 90844, 2008-Ohio-6283.
 {¶ 27} Therefore, the second assignment of error is overruled.
 {¶ 28} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and JAMES D. SWEENEY, J.*, CONCUR.
[1] W e recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.
* SITTING BY ASSIGNMENT: JUDGE JAMES D. SWEENEY, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS. *Page 1