**TONEY et al., Appellees,**

v.

**The STATE of Ohio, Appellant.**

[Cite as *Toney v. State*, 182 Ohio App.3d 331, 2009-Ohio-1881.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 91582–91585, 91588–91596 and 91870–91872.

Decided April 23, 2009.

———

Robert L. Tobik, Chief Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellees.

Kirner & Boldt Co. L.P.A. and Paul T. Kirner, for appellee Adam Kelly.

William Mason, Cuyahoga County Prosecuting Attorney, and Pamela Bolton, Assistant Prosecuting Attorney, for appellant.

———

Colleen Conway Cooney, Administrative Judge.

{¶ 1} This consolidated appeal arises from the trial court's ruling in a group of sex-offender reclassification cases. In case Nos. 91582–91855, 91588–91596, and 91870–91872, defendant-appellant, the state of Ohio ("state"), appeals the trial court's order finding that the retroactive application of the Adam Walsh Act ("AWA") is unconstitutional as applied to plaintiffs-appellees. Finding merit to the appeal, we reverse and remand.

{¶ 2} In this appeal, the following plaintiffs-appellees were all previously classified under Ohio's former "Megan's Law" as follows:

Habitual Sexual Offenders

{¶ 3} James Toney (case No. 91582) and James Blackmon (case No. 91590).

Sexually Oriented Offenders

{¶ 4} Adam Kelly (case No. 91583), Roger Bobadilla (case No. 91584), Nicholas Burnham (case No. 91585), Robert Zemerick (case No. 91588), Dawn Bacon (case No. 91589), Darren Lemay (case No. 91592), Jeffery Jackson (case No. 91593), James Gilbride (case No. 91594), Tremaine Evans (case No. 91595), Robert

Sheldon (case No. 91596), Rodney Rhines (case No. 91870), Joseph Timoteo (case No. 91871), and Richard Wheeler (case No. 91872).[1]

### Sexual Predator

{¶ 5} William Swanson (case No. 91591).

### AWA Reclassification

{¶ 6} Pursuant to the AWA (R.C. 2950.01 et seq.), the Ohio Attorney General has reclassified each plaintiff, effective January 1, 2008. Adam Kelly, James Gilbride, Darren Lemay, Robert Sheldon, and Joseph Timoteo have been reclassified as Tier I Sex Offenders. Dawn Bacon, Nicholas Burnham, Roger Bobadilla, and Jeffrey Jackson have been reclassified as Tier II Sex Offenders. James Toney, Robert Zemerick, Rodney Rhines, James Blackmon, Richard Wheeler, William Swanson, and Tremaine Evans have been reclassified as Tier III Sex Offenders.

{¶ 7} As a result of their reclassification, plaintiffs individually filed petitions contesting their reclassification under the AWA, arguing that the retroactive application of the AWA violated their constitutional rights. The trial court agreed, finding that the retroactive application of the AWA violated the Retroactivity Clause of the Ohio Constitution and the Ex Post Facto Clause of the United States Constitution.

{¶ 8} The state now appeals, raising one assignment of error for our review, in which it argues that the retroactive application of the AWA does not violate the Ohio Constitution and does not violate the Ex Post Facto Clause of the United States Constitution. We agree.

{¶ 9} As this court recently held in *State v. Rabel,* Cuyahoga App. No. 91280, 2009-Ohio-350, 2009 WL 205865, ¶ 24–26:

> The Sex Offender Registration and Notification Act ("SORNA") is contained in the Adam Walsh Act and requires convicted sex offenders to register in the jurisdiction in which he or she resides. SORNA is incorporated into Ohio law. See R.C. 2950 et seq.
>
> We have held that "SORNA, as set forth in the Adam Walsh Act, does not violate * * * ex post facto protections." *State v. Holloman–Cross,* Cuyahoga App. No. 90351, 2008-Ohio-2189 [2008 WL 1973568], discretionary appeal not

---

1. Darren Lemay contends that the AWA cannot apply to him because he was not previously classified under Ohio's Megan's Law. However, we note that in general, a party who fails to raise an argument in the court below waives his or her right to raise it on appeal. See *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 611 N.E.2d 830. Thus, we decline to address this argument because Lemay raises it for the first time on appeal.

allowed by *State v. Holloman–Cross*, [119 Ohio St.3d 1504], 2008-Ohio-5467 [895 N.E.2d 566].

We have also found that SORNA, as set forth in the Adam Walsh Act, does not violate the Retroactivity Clause of the Ohio Constitution. *State v. Ellis*, Cuyahoga App. No. 90844, 2008-Ohio-6283 [2008 WL 5096923].

{¶ 10} Therefore, we find that the trial court erred in its ruling.

{¶ 11} Accordingly, the sole assignment of error is sustained.

Judgment reversed
and cause remanded.

BOYLE, J., concurs.

SWEENEY, J., dissents.

JAMES J. SWEENEY, Judge, dissenting.

{¶ 12} I respectfully dissent from the majority opinion. For the reasons stated in my dissenting opinion in *State v. Omiecinski*, Cuyahoga App. No. 90510, 2009-Ohio-1066, 2009 WL 626114, I would affirm the decision of the trial court.