[Cite as *State v. Reddy*, 2011-Ohio-2144.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 92924**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

### vs.

## JOSEPH REDDY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-505854
Application for Reopening
Motion No. 442674

**RELEASE DATE:** May 3, 2011

**FOR APPELLANT**

Joseph Reddy, Pro Se
Inmate No. 562-809
Trumbull Correctional Institution
P.O. Box 901, 5701 Burnett Road
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Pinkey S. Carr
       Mahmoud Awadallah
       Thorin O. Freeman
       Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1} On March 10, 2011, the applicant, Joseph Reddy, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Reddy*, Cuyahoga App. No. 92924, 2010-Ohio-5759, in which this court modified Reddy's conviction from aggravated murder to murder, vacated his sentence, and remanded for resentencing.  Reddy asserts that his appellate counsel

was ineffective for not arguing that because the conviction for aggravated murder was not supported by sufficient evidence, the case should have been remanded for a new trial so that the lesser included offense of voluntary manslaughter may have been considered.[1]  On March 17, 2011, the State of Ohio filed its brief in opposition.   For the following reasons, this court denies the application to reopen.

**{¶ 2}** App.R.  26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time.   Reddy filed his application more than 100 days after this court journalized its decision on November 24, 2010.   Thus, it is untimely on its face.

**{¶ 3}** Reddy endeavors to show good cause by arguing that he and his lawyer were unaware of the preclusive effect this court's initial opinion would have on subsequent appeals.   Originally, this court issued its decision on August 26, 2010.   On remand, the trial court resentenced Reddy, and he appealed.  *State v. Reddy,* Cuyahoga County Court of Appeals Case No.

---

[1] The evidence at the bench trial showed that Reddy and his mother had a contentious and violent relationship.   Early on the morning of December 24, 2007, Reddy and his mother quarreled; she ordered him to leave her house.   When he refused to leave, she forced her way into his room and threatened him with a dagger.   Reddy punched her until she dropped the dagger, and then he choked her to death.

95814. In this appeal Reddy's lawyer raised the voluntary manslaughter issue. However, in December 2010, the attorney wrote to Reddy and expressed his concern that the 95814 appeal may be limited to issues concerning the resentencing only, and that the court might not consider the voluntary manslaughter issue; thus, Reddy may have to pursue the matter as a claim for ineffective assistance of appellate counsel.

{¶ 4} Reddy still had two months to file his application timely from the November 24, 2010 opinion.[2] His failure to do so renders his application untimely. As the Supreme Court of Ohio ruled in *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not

---

[2] On September 3, 2010, Reddy filed a pro se App.R. 26(A) motion for reconsideration. This court granted the motion and vacated its August 26, 2010 opinion. The court then issued the November 24, 2010 opinion. The two opinions are substantially the same, reaching the same result, but the court did elaborate its reasoning for some of Reddy's pro se arguments.

ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule.

{¶ 5} Moreover, res judicata properly bars this application. See, generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust. The courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. *State v. Tyler*, 71 Ohio St.3d 398, 1994-Ohio-8, 643 N.E.2d 1150, *cert. denied* (1995), 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53; *State v. Boone* (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; *State v. Barnes* (Mar. 13, 1986), Cuyahoga App. No. 50318, reopening disallowed (Mar. 4, 1994), Motion No. 136464; *State v. Williams* (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (Apr. 24, 1997), Motion No. 280441; and *State v. Larkins* (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, reopening disallowed (Aug. 19, 1996), Motion No. 268671.

{¶ 6} In the present case, Reddy filed his own appellate brief on March 26, 2010, before oral argument and raised seven assignments of error upon which this court ruled. Reddy's seventh assignment of error raised the involuntary manslaughter issue: "Trial court abused its discretion in refusing to consider lesser degree of homicide in violation of appellant's right to due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Ohio Constitution." This court rejected this argument as follows: "Although Reddy argues specifically that the trial court committed reversible error by failing to consider convicting him of voluntary manslaughter, we have already found that the evidence in the record, while insufficient for aggravated murder, was sufficient to convict Reddy of murder. We presume the trial court in reaching a verdict considered all lesser and included offenses as well as inferior degree offenses unless the record shows otherwise." Res judicata properly bars Reddy's argument because, he has already raised it, and the court has considered it and overruled it.

{¶ 7} Accordingly, the application for reopening is denied.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR