[Cite as *State v. Reddy*, 2011-Ohio-2927.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95814

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH REDDY

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-505854

**BEFORE:** Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANT**

James E. Valentine
323 Lakeside Avenue
Suite 450
Cleveland, OH 44113

Joseph Reddy, pro se
Inmate No. 562-809
Trumbull Correctional Institution
P.O. Box 901, 5701 Burnett Road
Leavittsburg, OH 44430


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Thorin O. Freeman
        Pinkey S. Carr
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Joseph Reddy ("Reddy"), appeals from the trial court's judgment rendered from the resentencing hearing ordered by this court in *State v. Reddy*, Cuyahoga App. No. 92924, 2010-Ohio-5759 ("*Reddy II*").  For the following reasons, we affirm.

{¶ 2} In 2007, Reddy was convicted of aggravated murder, which he appealed to this court challenging his conviction. This court found that the evidence was insufficient to satisfy the element of "prior calculation and design" for aggravated murder, but concluded that the lesser offense of murder was established. *State v. Reddy*, Cuyahoga App. No. 92924, 2010-Ohio-3996 (*"Reddy I"*). Thus, this court modified Reddy's conviction from aggravated murder to murder, vacated his sentence, and remanded for resentencing. Id. at _80. Reddy also raised as error that his counsel was ineffective; this court found no error. Reddy immediately sought reconsideration of *Reddy I.*

{¶ 3} On remand from this court, the trial court entered judgment reflecting the modification of Reddy's conviction to murder and sentenced him on the murder conviction to life in prison, with parole eligibility after 15 years.

{¶ 4} While the motion for reconsideration was pending with this court, Reddy appealed *Reddy I* to the Ohio Supreme Court, raising the following pertinent propositions of law:

{¶ 5} "Proposition of Law I: "When a conviction is not sustained by sufficient evidence[,] on appeal due process requires that the conviction is reversed and remanded for a new trial rather than modified to a

lesser-included offense if mitigating circumstances were presented at trial that could further lesse[n] the charge to an inferior degree offense.

{¶ 6} "Proposition of Law II:  Appellant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment of the U[.]S[.] Constitution and Section 10 of the Ohio Constitution."

{¶ 7}  After he filed his notice of appeal with the Ohio Supreme Court, Reddy filed this appeal of the trial court's judgment upon remand.

{¶ 8}  In November 2010, this court granted Reddy's application for reconsideration and issued a new opinion on the original appeal.  *Reddy II*. This court made the same finding it made in *Reddy I*, i.e., that Reddy should have been convicted of murder, not aggravated murder, and modified his conviction accordingly.   However, this court also elaborated on Reddy's pro se assignments of error that challenged his conviction on aggravated murder. In one assignment of error, Reddy argued that the trial court "abused its discretion in refusing to consider [a] lesser degree of homicide * * *."   In finding no merit to the argument, this court stated:

{¶ 9}  "Reddy argues that the evidence presented at trial was insufficient to demonstrate that he acted with prior calculation and design and that lesser included offenses should have been considered by the trial court.  We agree, and having sustained a similar argument in Reddy's first assignment of error, we modified the judgment accordingly. Although Reddy

argues specifically that the trial court committed reversible error by failing to consider convicting him of voluntary manslaughter, we have already found that the evidence in the record, while insufficient for aggravated murder, was sufficient to convict Reddy of murder. We presume that in reaching a verdict, the trial court considered all lesser and included offenses as well as inferior degree offenses, unless the record shows otherwise. Reddy's seventh assignment of error is overruled." *Reddy II* at _78.

{¶ 10} After this court issued its opinion in *Reddy II*, Reddy filed a motion to withdraw his appeal regarding *Reddy I* that was pending in the Ohio Supreme Court. Reddy then filed another appeal with the Ohio Supreme Court, this time appealing this court's decision in *Reddy II*. Reddy raised the following pertinent propositions of law:

{¶ 11} "Proposition of Law No. I: When a conviction is not sustained by sufficient evidence[,] on appeal due process requires that the conviction is remanded if mitigating circumstances are present that could further lesser the charge to an inferior degree offense.

{¶ 12} "Proposition of Law No. III: The defendant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment of the U[.]S[.] Constitution and Section 10 Article 1 of the Ohio Constitution [* * *].

**{¶ 13}** "Proposition of Law No. VI: The trial court abused its discretion by refusing to consider [a] lesser degree of homicide in violation of the defendant's right to due process as guaranteed by the Fifth and Fourteenth Amendments of the U[.]S[.] Constitution and Ohio Constitution."

**{¶ 14}** In January 2011, the Ohio Supreme Court issued a journal entry declining to hear Reddy's first appeal and denied his motion to withdraw his appeal as moot.

**{¶ 15}** In March 2011, the Ohio Supreme Court issued a journal entry declining to consider his second appeal.

**{¶ 16}** Also in March 2011, Reddy sought to reopen his original appeal in Appeal No. 92924 from which *Reddy I* and *II* were decided, claiming that his appellate counsel was ineffective for failing to argue that "because the evidence was insufficient for aggravated murder, the case should have been remanded for a new trial so that the lesser included offense of voluntary manslaughter may have been considered." *State v. Reddy*, Cuyahoga App. No. 92924, 2011-Ohio-2144, _1. (*"Reddy III"*). In denying his application, this court concluded that res judicata barred Reddy's application for reopening because he had filed a pro se brief in the original appeal wherein he raised this argument, the court considered it, and overruled it. Id. at _6.

**{¶ 17}** In this appeal, Reddy has once again raised the issues that have been previously raised and considered. Reddy presents one assignment of

error through counsel and raises three additional assignments of error in his pro se supplemental brief. Those assigned errors are as follows:

{¶ 18} "I. Appellant's due process rights were violated when a conviction which was not supported by sufficient evidence was modified to a lesser-included offense rather than being reversed and remanded for a new trial where mitigating circumstances were presented at trial that could result in a conviction of an inferior degree offense.[1]

{¶ 19} "II. The Appellant received ineffective assistance of counsel when counsel failed to present expert psychiatric testimony regarding the appellant's mental state and/or perception of danger based on the diagnosis of post-traumatic stress disorder stemming from physical childhood abuse in support of affirmative defenses of self-defense and/or voluntary manslaughter.

{¶ 20} "III. Trial counsel was ineffective under the standard *United States v. Cronic* when counsel was absent during a critical stage of trial for the four months leading to trial."

{¶ 21} The assignments of error raised are barred by res judicata. The doctrine of res judicata bars further litigation in a criminal case of issues that were raised previously or could have been raised previously in a direct appeal.

---

[1]This assignment of error was raised by both Reddy's appellate counsel and by Reddy, pro se. To avoid confusion, we will consider them as one assignment of error.

*State v. Leek* (June 21, 2000), Cuyahoga App. No. 74338, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶ 22} We find that the issues raised in the appellate and supplemental briefs have previously been considered or could have been considered by this court in *Reddy I, II*, and *III*. Moreover, the Ohio Supreme Court has declined to accept both of Reddy's appeals, wherein he raised as propositions of law those issues raised as assignments of error in this appeal.

{¶ 23} Since we have addressed or could have addressed these issues and the Ohio Supreme Court has refused to review this court's decisions, our disposition of them remains the "law of the case," and Reddy's assignments of error and supplemental assignments of error are barred by the doctrine of res judicata. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, _18. Therefore, the errors assigned are overruled.

{¶ 24} Finally, Reddy presents no argument that the trial court erred in resentencing him, and since the record reflects that upon remand, the trial court complied with this court's order in *Reddy II* and duly imposed a sentence on Reddy's conviction in his presence, his sentence is affirmed pursuant to App.R. 12(B).

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, J., CONCUR