[Cite as *State v. Hudson*, 2011-Ohio-3832.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95581**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TONIO HUDSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-510582

**BEFORE:**    Blackmon, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    August 4, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

John Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

Tonio Hudson, Pro Se
Inmate No. A551-480
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Katherine Mullin
Blaise D. Thomas
Assistant Prosecuting Attorneys
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Appellant Tonio Hudson, through counsel, appeals his sentence and assigns the following error for our review:

> **"I. Appellant's sentence is contrary to law and violates due process because the trial court failed to consider whether the sentence was consistent with sentences imposed for similar crimes committed by similar offenders and because a twenty-eight to life sentence for a first time offender is inconsistent with such sentences."**

{¶ 2}  Hudson assigns the following pro se errors for our review:

> **"I. Prosecutorial misconduct/misconduct [sic] of a state's witness a federal employee."**

> **"II. Ineffective assistance of counsel."**

> **"III. The trial judge should have granted objection to flight instruction after defense was prevented from fully cross-examining witness whose testimony was used to establish flight.  This denied defendant right to a fair trial under the Ohio and United States Constitution."**

> **"IV. The trial court abused it's [sic] discretion by denying defendant's motion for a mistrial and overruling objection."**

> **"V. Ineffective assistance of counsel."**

> **"VI. Trial judge should have granted motion for mistrial after federal witness gave testimony stating that defendant had criminal history."**

> **"VII. The trial court errored [sic] in overruling motion to suppress identification."**

**"VIII. The trial court errored [sic] in overruling motion to suppress evidence."**

**{¶ 3}** Having reviewed the record and pertinent law, we affirm Hudson's sentence. The apposite facts follow.

**{¶ 4}** On May 15, 2008, the Cuyahoga County Grand Jury indicted Hudson on two counts of aggravated robbery and two counts of aggravated murder with felony murder specifications. All counts carried three-year firearm specifications. The state subsequently dismissed the felony murder specifications. Hudson pleaded not guilty at his arraignment, subsequently filed a motion to suppress evidence and identification. The trial court denied the motion and the case proceeded to a jury trial.

**{¶ 5}** On June 19, 2008, the jury found Hudson not guilty of one count of aggravated murder as charged, but guilty of the lesser included charge of murder. The jury found Hudson guilty of the remaining counts along with the attached firearm specifications. On June 30, 2008, the trial court sentenced Hudson to an aggregate prison term of 28 years to life.

**{¶ 6}** On Hudson's direct appeal, we affirmed his conviction, but remanded for resentencing, because we found that the trial court erred by sentencing Hudson on two murder charges involving the same victim. *State v. Hudson*, Cuyahoga App. No. 91803, 2009-Ohio-6454.

**{¶ 7}** On July 21, 2010, the trial court conducted the resentencing hearing, the state elected to proceed on the aggravated murder charge, the trial court merged all four offenses, and sentenced Hudson to an aggregate prison term of 28 years to life for aggravated murder. Hudson now appeals.

## Sentence Contrary to Law

**{¶ 8}** In the sole assigned error, through counsel, Hudson argues his 28 years to life sentence was contrary to law. We disagree.

**{¶ 9}** We review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. In its plurality opinion, the *Kalish* court declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶4.

**{¶ 10}** Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at 26. See, also, R.C. 2953.08(G). If this first prong is satisfied, then we review the trial court's decision under an abuse of discretion standard. Id. at ¶4 and ¶19.

**{¶ 11}** In the first step of our analysis, we review whether Hudson's sentence is contrary to law as required by R.C. 2953.08(G). As the *Kalish*

court noted, post- *Foster* "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive, or more than the minimum sentence." Id. at 11, quoting *Foster* at paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. The *Kalish* court held that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at 13. Therefore, the trial court must still consider those statutes when imposing a sentence. Id., citing *Mathis* at 38.

{¶ 12} R.C. 2929.11(A) provides that:

**"[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing [:] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."**

{¶ 13} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 14} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Instead, they "serve as an overarching guide for trial judges to consider in fashioning

an appropriate sentence." *Kalish* at 17. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 15} In the instant case, Hudson specifically argues that his sentence is contrary to law because it is inconsistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 16} We note that "[c]onsistency in sentencing is achieved by weighing the sentencing factors." *State v. Dowell*, Cuyahoga App. No. 88864, 2007-Ohio-5534, ¶8, citing *State v. Georgakopoulos*, Cuyahoga App. No. 81934, 2003-Ohio-4341.

{¶ 17} As an appellate court, we are not required to decide whether the lower court "imposed a sentence in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment." *State v. Rabel*, Cuyahoga App. No. 91280, 2009-Ohio-350, ¶15, citing *State v. Dawson*, Cuyahoga App. No. 86417, 2006-Ohio-1083.

{¶ 18} In the instant case, there is nothing in the record to demonstrate that Hudson's sentence is "outside the mainstream of local judicial practice." Hudson was convicted of aggravated murder in violation R.C. 2903.01, which

provides that he could be imprisoned for an indefinite term of fifteen years to life.

{¶ 19} Therefore, a sentence of 28 years to life is within the statutory range allowed by law. Since Hudson was sentenced within the statutory range and has failed to demonstrate how his sentence violated Ohio's sentencing statutes, we do not find that it was contrary to law.

{¶ 20} We next consider whether the trial court abused its discretion. *Kalish* at ¶4 and ¶19. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

{¶ 21} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. A review of the record indicates that the trial court also expressly stated, at the original sentencing hearing, that it had considered all factor of the law and found that prison was consistent with the purposes and principles of R.C. 2929.11. Also, at Hudson's resentencing, the trial court restated that it had considered all factors of the law and found that prison was consistent with the purposes

and principles of R.C. 2929.11. Accordingly, we overrule Hudson's sole assigned error through counsel

## Pro Se Errors

{¶ 22} A review of the record indicates that all eight pro se assigned errors were either raised or could have been in Hudson's direct appeal of his conviction. As such they are barred by the doctrine of res judicata. The doctrine of res judicata bars further litigation in a criminal case of issues that were raised previously or could have been raised previously in a direct appeal. *State v. Reddy*, Cuyahoga App. No. 95814, 2011-Ohio-2927, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶ 23} Since we have addressed or could have addressed these issues, our disposition of them remains the "law of the case," and Hudson's pro se assigned errors are barred by the doctrine of res judicata. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. Accordingly, we overrule Hudson's pro se assigned errors.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR